{¶ 24} I respectfully dissent from the majority opinion. I agree with the trial court Shield Alloy's actions resulted in a "lock out", and appellees were entitled to unemployment compensation. My reasons follow.
 {¶ 25} "The reasonableness of any business decision depends on the special facts and circumstances of the case." Albaugh v.Unemployment Compensation Review Comm'n (May 11, 2001), Guernsey App. No. 00CA024, unreported. On December 8, 2003, after the NLRB announced its decision, the parties met, but could not reach an agreement. The Union sought reinstatement of the expired CBA with retroactive pay, however, Shield Alloy rejected such. The Union had been working under Shield Alloy's final offer since June 14, 2003. As a result, the Union commenced the strike. I find Shield Alloy changed the status quo by refusing to allow the Union to continue working under the terms of the expired CBA beyond June 14, 2003, and such was unreasonable. The Union had no alternative other than a work stoppage.
 {¶ 26} Shield Alloy argues it has not earned a profit since mid-1998, and increasing financial difficulties left it no other option. During negotiations, these financial difficulties were communicated to the Union. The Union recognized the need for concessions, and offered concessions to Shield Alloy, including a three percent wage decrease. Shield Alloy demanded concessions amounting to a twelve to thirteen percent overall decrease, which included a wage decrease, an increase in the employee contribution for health coverage premiums, a decrease in the health coverage, and reduction in overtime pay. Shield Alloy would not move past its twelve percent concessionary demand. Although the company was having financial difficulties, countervailing evidence was presented to the Hearing Officer. For example, the company increased its net working capital from 2001, to 2002. Shield Alloy had also engaged in substantial capital expenditures, which effectively increased its loss.
 {¶ 27} I agree with the trial court and find the decision of the Review Commission was unlawful, unreasonable and against the manifest weight of the evidence. Accordingly, I would overrule Shield Alloy's and ODJFS's assignments of error, and affirm the judgment of the Guernsey County Court of Common Pleas.